IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | NO. 17-CV-1255 MV/KRS |
| | ) | 99-CR-571 MV/KRS |
| vs. | ) | |
| | ) | |
| KEITH HOPSKIN, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER FINDING WAIVER OF ATTORNEY CLIENT PRIVILEGE**
**AS TO DEFENSE COUNSEL JOHN BUTCHER**

THIS MATTER is before the Court on the United States' Unopposed Motion Requesting the Court to Rule on the Waiver of the Attorney-Client Privilege Related to Defendant's Motion Under 28 U.S.C. § 2255.

The United States asks the Court to find that the defendant/petitioner, Mr. Hopskin, has waived his attorney-client privilege regarding communications with Mr. John Butcher that relate to his claims of ineffective assistance of counsel. The United States further asks the Court to authorize Mr. Butcher to disclose documents, communicate orally, provide a written affidavit, and testify detailing any communications relating to Petitioner Hopskin's claims of ineffective assistance of counsel. Specifically, the United States asks the Court find that Petitioner has waived the attorney-client privilege with respect to the following communications:

> Any communication or decisions regarding the claims of ineffective assistance related to the advisement of the defendant's constitutional rights, specifically, the rights of the accused;
>
> Any other communication or decisions not known to the United States which are strictly necessary in order to address the merits of the defendant's claims of ineffective assistance of counsel.

In light of the analysis and holding in *United States v. Pinson,* 584 F. 3d 972, 977-79 (10th Cir. 2009), the Court finds that, by claiming ineffective assistance of counsel in his § 2255 Motion, Petitioner impliedly waives the attorney-client privilege with respect to those communications that are necessary to prove or disprove his claims. Furthermore, mindful of the Court's duty to ensure that the waiver is no "broader than needed to ensure the fairness of the proceedings before it," *id.*, the Court finds that scope of the waiver is appropriately tailored to address communications relevant to Petitioner's claims. *See id.* at 979. To the extent there is a question with regard to whether a communication is "strictly necessary" to address the merits of the Petitioner's claims of ineffective assistance of counsel, and Petitioner asserts that the attorney client privilege protects such communication, the parties should submit the specific communication at issue to the Court for its review.

The Court finds that Petitioner Hopskin waives his right to assert the attorney-client privilege with respect to communications with Mr. Butcher necessary to prove or disprove his claims of ineffective assistance of counsel, as set forth above.

**IT IS THEREFORE ORDERED** that the United States' Unopposed Motion Requesting the Court to Rule on the Waiver of the Attorney-Client Privilege Related to Defendant's Motion Under 28 U.S.C. § 2255 is **GRANTED**,

**IT IS SO ORDERED**.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE